Nicky Jatana (SBN 197682)
Nicky.Jatana@jacksonlewis.com
Landon R. Schwob (SBN 280908)
Landon.Schwob@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendants
VICTORY PACKAGING, L.P.
and WESTROCK CALIFORNIA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA ZARATE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VICTORY PACKAGING, L.P., a Texas corporation; WESTROCK CALIFORNIA, LLC, a California limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 2:22-cv-03221<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)**<br><br>[Filed Concurrently with Corporate Disclosures; Declaration of Landon R. Schwob; Declaration of Taylor A. Borunda; Declaration of Jeff Yost; Civil Case Cover Sheet; Certification and Notice of Interested Parties; and Notice of No Related Cases]<br><br>State Complaint Filed: March 30, 2022 |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants Victory Packaging, L.P. and WestRock California, LLC (collectively "Defendants") remove the above-entitled action to this Court from the Superior Court of the State of California, County of San Bernardino pursuant to 28 U.S.C. § 1441. Defendants invoke this Court's original jurisdiction under 28 U.S.C. §

1332 (diversity). Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff Gabriela Zarate ("Plaintiff") has pled claims upon which relief can be granted. This removal is based on the following grounds:

## I. PROCEDURAL BACKGROUND.

1. On March 9, 2022, Plaintiff filed an unverified Complaint ("the Complaint") in the Superior Court of the State of California, County of San Bernardino, entitled *Gabriela Zarate v. Victory Packaging, L.P., et al.*, Case No. CIVSB2205338. A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Landon R. Schwob in Support of Defendants' Notice of Removal ("Schwob Decl.").

2. On April 14, 2022, Plaintiff served copies of the Complaint, the Summons, and Civil Cover Sheet on Defendants. True and correct copies of the Summons and Civil Cover Sheet served on Defendants are attached to the Schwob Decl. as **Exhibit B** and **Exhibit C**, respectively. A true and correct copy of the Answer filed with the San Bernardino County Superior Court in said action is attached hereto as **Exhibit D.**

3. The Complaint remains Plaintiff's operative pleading in this action as of the date of the filing of this Notice of Removal. (Schwob Decl., ¶ 4.)

4. **Exhibits A, B, and C, and D** constitute all the pleadings that have been filed or served by or against Defendants in this action as of the date of the filing of this Notice of Removal. (Schwob Decl., ¶ 5.)

## II. REMOVAL IS TIMELY.

5. Pursuant to 28 U.S.C. § 1446(b), a defendant has 30 days to file a Notice of Removal, measured from the date the defendant receives or is served with the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

6. Plaintiff served Defendants' registered agent, Corporation Service Company, with the Complaint on April 14, 2022. (Declaration of Jeff Yost ["Yost Decl."], ¶ 3.)

7. Measured from April 14, 2022, Defendants' deadline to file this Notice of Removal with this Court is May 13, 2022.

8. Defendants are filing this Notice of Removal with this Court on May 11, 2022.

9. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

### III. NOTICE.

10. Defendants will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, County of San Bernardino, as required by 28 U.S.C. § 1446(d).

### IV. PLAINTIFF'S ALLEGATIONS.

11. Plaintiff brings this action against Defendants "VICTORY PACKAGING, L.P., a Texas corporation[1]; WESTROCK CALIFORNIA, LLC, a California limited liability company; and DOES 1 through 50, inclusive" (non-DOE defendants collectively referred to as "Defendants"). (Schwob Decl., ¶ 2, Ex. A.)

12. Plaintiff claims that Defendants jointly employed her. (*Id.* at ¶¶ 4, 7-8.)

13. Plaintiff alleges that Defendants are collectively liable to Plaintiff for the following:

    a. Employment Discrimination on the Basis of Disability (*Id.* at ¶¶ 46-61.);

    b. Failure to Provide Reasonable Accommodation (*Id.* at ¶¶ 62-75.);

    c. Failure to Engage in a Timely, Good Faith, Interactive Process (*Id.* at ¶¶ 76-89.);

    d. Retaliation for Exercising the Rights Under the FEHA (*Id.* at ¶¶ 90-98.);

    e. Failure to Prevent Discrimination and Retaliation (*Id.* at ¶¶ 99-107.);

    f. Tortious Wrongful Termination in Violation of Public Policy (*Id.* at ¶¶ 108-115.); and

    g. Declaratory Relief (*Id.* at ¶¶ 116-124.).

---

[1] Victory Packaging, L.P. is not a corporation.

## V. THE COURT HAS JURISDICTION BASED ON ORDINARY DIVERSITY OF CITIZENSHIP.

14. This Court has original jurisdiction over this action based on ordinary diversity of citizenship pursuant to 28 U.S.C. § 1332(a), which provides the district courts shall have original jurisdiction of all civil actions between citizens of different states wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

### A. Diversity Of Citizenship Exists.

15. For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). As of the date her employment ended, Plaintiff resided in Ontario, California. (Declaration of Taylor A. Borunda ["Borunda Decl."], ¶ 4.) Defendants are informed and believe, and based thereon allege, that Plaintiff—also known as "Maria Zarate"[2]—continues to reside in Ontario, California. (Schwob Decl., ¶ 6, Ex. E.) Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.

16. For diversity purposes, a limited partnership is deemed to be a citizen of any state in which any member of the partnership is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-196 (1990). Similarly, a limited liability company is deemed to be a citizen of any state in which any member of the company is a citizen. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

17. Defendant Victory Packaging, L.P. is a limited partnership. (Yost Decl., ¶ 4.) Defendant Victory Packaging, L.P. is comprised of two partners: WestRock Timber Note Holding Company IV, LLC, and WestRock Victory GP Holding, LLC. (Yost Decl., ¶ 5.) Both WestRock Timber Note Holding Company IV, LLC and WestRock Victory GP Holding, LLC are limited liability companies. (Yost Decl., ¶ 6.) WestRock Victory GP Holding, LLC is wholly owned by WestRock Timber Note Holding Company IV, LLC.

---

[2] Borunda Decl., ¶ 5.

(Yost Decl., ¶ 7.)

18. WestRock Timber Note Holding Company IV, LLC is comprised of six (6) members: (i) WestRock Timber Note Holding Company III; (ii) WestRock Victory Holding, LLC; (iii) WestRock Evadale Holding, LLC; (iv) WestRock Packaging Systems Netherlands B.V.; (v) WestRock Company of Texas; and (vi) WestRock Singapore Pte Ltd. (Yost Decl., ¶ 8.)

19. WestRock Timber Note Holding Company III is a Delaware corporation with a principal place of business in Georgia. (Yost Decl., ¶ 9.)

20. WestRock Victory Holding, LLC is a limited liability company wholly owned by WestRock Kraft Paper, LLC, which is wholly owned by WestRock Paper and Packaging, LLC, which is wholly owned by WestRock Company, which is a Delaware corporation with its principal place of business in Georgia. (Yost Decl., ¶ 10.)

21. WestRock Evadale Holding, LLC is a limited liability company, wholly owned by WestRock MWV, LLC, which is wholly owned by WRKCo Inc., which is a Delaware corporation with a Georgia principle place of business, which is wholly owned by WestRock Company, which is a Delaware corporation with its principal place of business in Georgia. (Yost Decl., ¶ 11.)

22. WestRock Packaging Systems Netherlands B.V. is a "besloten vennootschap," meaning "closed company with limited liability," based in the Netherlands. (Yost Decl., ¶ 12.) It is wholly owned by WestRock Holdings B.V., also based in the Netherlands. (Yost Decl., ¶ 13.)

23. WestRock Company of Texas is a Georgia corporation with its principal place of business in Georgia. (Yost Decl., ¶ 14.)

24. WestRock Singapore Pte Ltd. is a public limited company based in Singapore. (Yost Decl., ¶ 15.) It is wholly owned by WestRock Holdings, B.V., based in the Netherlands, which is wholly owned by WestRock Holdings B.V., based in the Netherlands. (Yost Decl., ¶ 16.)

25. As a result of the foregoing, Victory Packaging, LP is a resident of Delaware

1  and Georgia. *Carden*, 494 U.S. at 195-196; *Johnson*, 437 F.3d at 899.

2      26.  Moreover, "[D]espite the presence of a non-diverse or resident defendant, removal is proper when [that] defendant was fraudulently joined." *Arvizu v. Wal-Mart Stores, Inc.*, No. 17-cv-00201-LB, 2017 U.S. Dist. LEXIS 27341, at *3 (N.D. Cal. Feb. 27, 2017). A company that has no employees, and "[w]ithout any employees, could not have engaged in any conduct that would qualify them as employers," is a fraudulently joined defendant. *Barajas v. Carriage Cemetery Servs. of Cal.*, No. 19-cv-02035-EMC, 2019 U.S. LEXIS 101085, at *8-12 (N.D. Cal. June 17, 2019) (denying motion to remand); *see also*, *Harwood v. Option Care Enters.*, No. CV 19-1239-MWF(ASx), 2019 U.S. Dist. LEXIS 74536, at *20-21 (C.D. Cal. May 2, 2019) (same). The party seeking removal is "entitled to present additional facts that demonstrate that a defendant has been fraudulently joined," including summary judgment-type evidence, such as affidavits and deposition testimony. *Grancare, LLC v. Thrower*, 889 F.3d 543, 549 (9th Cir. 2018) (citations omitted); *OpenGov, Inc. v. GTY Technology Holdings Inc.*, No. 18-cv-07198-JSC, 2019 WL 978769, at *6 (N.D. Cal. Feb. 28, 2019) (citations omitted).

    27.  The Court has the discretion to dismiss from a lawsuit a non-diverse party in order to perfect diversity jurisdiction. *La. Mun. Police Emples. Ret. Sys. v. Wynn*, 829 F.3d 1048, 1057, (9th Cir. July 18, 2016) (citing Fed. R. Civ. P. 21).

    28.  Here, Defendant WestRock California, LLC is a limited liability company. (Yost Decl., ¶ 17.) Defendant WestRock California, LLC is wholly owned by WestRock Converting, LLC, which is wholly owned by WestRock RKT, LLC, which is wholly owned by WRKCo Inc., which is wholly owned by WestRock Company, which is a Delaware corporation with its principal place of business in Georgia. (Yost Decl., ¶ 18.) WestRock California, LLC's principal place of business has always been located in the State of Georgia. (Yost Decl., ¶ 19.) It never employed any citizen of California, and never employed Plaintiff. Defendant WestRock California, LLC does not have any employees. (Yost Decl., ¶ 20.) At all relevant times, its operations were carried out solely at its corporate headquarters in the State of Georgia and a manufacturing facility located in the

State of Michigan. (Yost Decl., ¶ 21.)

29. Based on the above facts, it is apparent that Plaintiff fraudulently joined Defendant WestRock California, LLC because of its name and likely the state of registration for the limited liability company (which is irrelevant for citizenship analysis, *Johnson*, 437 F.3d at 899), all in a transparent attempt to defeat diversity and avoid federal court jurisdiction. Accordingly, the citizenship of Defendant WestRock California, LLC should be disregarded. Even if it's not disregarded as fraudulently joined, Defendant WestRock California, LLC is a citizen of Delaware and Georgia because its members (and the members of the LLCs that owns them) are citizens of Delaware and Georgia. As a result, complete diversity exists between Plaintiff and the Defendants.

30. The only other defendants named in Plaintiff's Complaint are fictitious parties identified as "DOES 1 through 15," whose citizenship shall also be disregarded for the purpose of removal. (28 U.S.C. § 1441(a)). Thus, there are no other defendants to join in the removal of this action.

31. Therefore, the diversity element of § 1332 removal is satisfied because Plaintiff is a citizen of California, whereas the non-fraudulently joined defendant—Victory Packaging, L.P.—is a citizen of Georgia and Delaware. Moreover, Defendant WestRock California, LLC, the fraudulently joined defendant, is a citizen of Delaware and Georgia. Accordingly, there is "complete diversity."

### B. The Amount in Controversy Exceeds $75,000.

32. Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000 exclusive of interest and costs. 28 U.S.C. §1332(a). Plaintiff's Complaint does not specify an amount in controversy. Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the United States Supreme Court has held "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the statement need not contain evidentiary submissions. *See Dart Cherokee*, 574 U.S. at 82, 89, 135 S. Ct. at 549, 554

(2014). If plaintiff contests a defendant's allegations, defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (courts may consider factual statements in defendant's notice of removal in assessing removal jurisdiction).

33. In determining whether the amount in controversy exceeds $75,000 exclusive of interest and costs, the Court must presume the plaintiff will prevail on each and every one of his or her claims. (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated")).

34. Attorney fees also may be taken into account to determine the jurisdictional amount. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945; *see also, Alvarado v. Home Depot U.S.A., Inc.*, Case No. 18-cv-611-MMA(NLS), 2018 U.S. Dist. LEXIS 95435, at *7-10 (S.D. Cal. June 5, 2018) (post-removal attorney fees are included in the amount in controversy).

35. Defendants deny the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff is entitled to any damages or penalties whatsoever, the aggregated claims of the Plaintiff establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum of $75,000.

36. Plaintiff seeks and, in the event plaintiff prevails on every one of her claims, may arguably recover "compensatory damages, including lost wages, loss of earning potential, employee benefits, and all other sums of money; for other special damages; and for general damages, including emotional distress; . . . punitive damages, pursuant to

1 | California Civil Code section 3294, in amounts sufficient to punish DEFENDANTS for the wrongful conduct alleged herein and to deter such conduct in the future; . . . prejudgment interest on each of the foregoing at the legal rate . . . post-judgment interest; . . . reasonable attorneys' fees . . . costs of suit incurred herein, including expert witness fees . . ." (Schwob Decl., Ex. A, Prayer for Relief at ¶¶ 1, 3-7.)

37. At the time her employment ended, Plaintiff was a full-time employee, earning a wage of $14.25 per hour. (Borunda Decl., ¶ 6.) Estimating that Plaintiff worked 40 hours per week, she would have earned, had her employment not ended, approximately $570 per week. (Borunda Decl., ¶7.)

38. Based on the latest publicly-available Federal Court Management Statistics, published by the United States government, in the Central District of California, the current median time from filing to trial in a civil action is 24.2 months. (Schwob Decl., ¶ 7, Ex. F.) Plaintiff filed the instant action on March 9, 2022. (Schwob Decl., ¶ 2, Ex. A.) From the date of Plaintiff's separation in March 2020 to the projected trial date of March 2024, approximately four (4) years, or 208 weeks, will have passed. Based upon Plaintiff's hourly rate at the time her employment ended, without conceding that Plaintiff is entitled to any damages or attorney's fees, she could potentially recover approximately **$118,560** in lost wages, alone.

39. Assuming, *arguendo*, that the Court were able to provide a trial date as soon as one (1) year from the date of filing of the Complaint in state court (March 2023), approximately three (3) years, or 156 weeks, will have passed. Under this latter particularly favorable, albeit extremely unlikely, trial-setting scenario, without conceding that Plaintiff is entitled to any damages or attorney's fees, Plaintiff could potentially recover approximately **$88,920** in lost wages, alone.

40. Plaintiff also alleges "extreme" emotional distress, for which she seeks to recover general damages. (Schwob Decl., ¶ 2, Ex. A. at ¶ 45.)  General damages (i.e., damages for emotional distress) are included in the amount in controversy. *Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1033 (2002).  Even if Plaintiff's general damages are

just one-half of her lost wages damages, this would equate to more than **$44,460 to $59,280** by the time of trial.

41. Plaintiff also seeks punitive damages, which are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n.*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994). In *Aucina*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish and punitive damages. The Court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, the plaintiff's claim for punitive damages might alone exceed the jurisdictional minimum." *Aucina*, 871 F. Supp. at 334.

42. Plaintiff also seeks attorneys' fees. The amount in controversy may include attorneys' fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional amount). The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See e.g.*, *Simmons* 209 F. Supp. 2d at 1035 (attorneys' fees in individual employment discrimination cases often exceed damages). Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Galt G/S*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons*, 209 F. Supp. 2d at 1035. Plaintiff's lead attorney in this case, Young. W. Ryu ("Mr. Ryu"), has practiced law since 2007 in Washington, D.C., New Jersey and New York. (Schwob Decl., ¶ 8, Ex. G.) Mr. Ryu was admitted to practice law in California in 2009. (Schwob Decl., ¶ 9, Ex. H.) As recently as 2020, Mr. Ryu billed his time at the rate of $650 per hour. (Schwob Decl., ¶ 10, Ex. G.)

43. At an assumed rate of $650 per hour, Mr. Ryu would need to spend only 115

hours of attorney time through trial to incur **$75,000** in attorneys' fees. Moreover, attorneys' fees awards in employment matters often well exceed $75,000.00. *See, e.g. Wysinger v. Auto. Club of S. Cal.* (2007) 157 Cal. App. 4th 413, 430-431 (upholding attorneys' fee award of $978,791 for discrimination/retaliation case that went to trial). Accordingly, it is reasonable to consider Plaintiff's attorneys' fees amounting to at least $75,000.00 through trial for purposes of calculating the amount in controversy in this action.

44.  Accordingly, without conceding that Plaintiff is entitled to any damages or attorney's fees, the amount in controversy in this action for purposes of ordinary diversity is *at least* **$208,380** (not including punitive damages), which is well in excess of the jurisdictional minimum of $75,000.

## VI.  VENUE.

45.  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  As stated above, Plaintiff brought this action in California Superior Court, County of San Bernardino.  Thus, venue properly lies in the United States District Court for the Central District of California.  28 U.S.C. §§ 84(a), 1441(a).

## VII.  CONSENT.

46.  All defendants consent to the removal of this action.

## VIII.  CONCLUSION.

47.  Based on the foregoing, Defendants request that this action be removed to this Court.  If any question arises as to the propriety of removal of this action, Defendants respectfully request the opportunity to present a brief, further evidence, and oral argument in support of its argument that removal is proper.

DATED: May 11, 2022

JACKSON LEWIS P.C.

By: */s/ Landon R. Schwob*
Nicky Jatana
Landon R. Schwob

Attorneys for Defendants
VICTORY PACKAGING, L.P.
and WESTROCK CALIFORNIA, LLC