UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-811 JGB (KKx)** | Date | July 14, 2022 |
|---|---|---|---|
| Title | *Gabriela Zarate v. Victory Packaging, L.P., et al.* | | |

Present: The Honorable     JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) DENYING Plaintiff's Motion to Remand; and (2) VACATING the July 18, 2022 Hearing (IN CHAMBERS)**

Before the Court is motion to remand filed by Plaintiff Gabriela Zarate. ("Motion," Dkt. No. 17.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion and VACATES the July 18, 2022 hearing.

## I.   BACKGROUND

On March 9, 2022, Plaintiff Gabriela Zarate ("Plaintiff" or "Ms. Zarate") filed a complaint in the Superior Court of the State of California for the County of San Bernardino against Defendants Victory Packaging, L.P. and Westrock California, LLC. ("Complaint" Dkt. No. 7, Ex. A.) The Complaint alleges seven claims: (1) disability discrimination (Cal. Gov't Code § 12940(a)); (2) failure to provide reasonable accommodation (Cal. Gov't Code § 12940(m)); (3) failure to engage in good faith, interactive process (Cal. Gov't Code § 12940(n)); (4) retaliation (Cal. Gov't Code § 12940(h)); (5) failure to prevent discrimination (Cal. Gov't Code § 12940(k)); and (6) wrongful termination in violation of public policy. (See Complaint.)

Defendants removed to this Court on May 11, 2022, asserting diversity jurisdiction. ("NOR," Dkt. No. 1.) On June 10, 2022, Ms. Zarate moved to remand to the San Bernardino Superior Court. (Motion.) Defendants opposed on June 27, 2022. ("Opp.," Dkt. No. 19.) Ms. Zarate replied on July 5, 2022. ("Reply," Dkt. No. 21.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

The district court may remand the case sua sponte or on the motion of a party. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). Such questions must be addressed at the outset of a case: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). Thus, the Court must ordinarily address any jurisdiction questions first, before reaching the merits of a motion or case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998).

Fraudulent joinder "is a term of art." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." (Id.) (internal quotations and brackets omitted). To show that a defendant has been fraudulently joined, it must be established that "the individual[] joined in the action cannot be liable on any theory." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

"Doubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." Charlin v. Allstate Ins. Co., 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998). Further, a court "must resolve all material ambiguities in state law in plaintiff's favor" on a motion to remand. Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). "When there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities. (Id. at 1118.)

### III.  DISCUSSION

Ms. Zarate seeks remand on the mistaken position that Westrock California, LLC is a non-diverse defendant.  Two reasons appear to be the basis of that mistake: (1) Westrock California, LLC may or may not employ people in the state of California and (2) Defendants erroneously included a "fraudulent joinder"[1] analysis in their Notice of Removal, for reasons that remain unclear.

A defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.  Complete diversity of citizenship is required, i.e., "the citizenship of each plaintiff [must be] different from that of each defendant."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009).

Ms. Zarate is a citizen of California.  (NOR ¶ 15.)   Victory Packaging, L.P. and WestRock California, LLC are unincorporated entities.  (Id. ¶¶ 17, 29.)   The citizenship of a limited partnership is determined based on the citizenship of each member.  Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990).   Limited liability companies are treated the same way.  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (a limited liability company's citizenship is equivalent to the citizenship of each member).

Victory Packaging, L.P. has two partners, both of which are limited liability companies: WestRock Timber Note Holding Company IV, LLC ("WR Timber Note IV LLC") and WestRock Victory GP Holding, LLC.  (Yost Decl. ¶¶ 5, 6.)  WestRock Victory GP Holding, LLC is wholly owned by WR Timber Note IV LLC.  (Id. ¶ 7.)  WR Timber Note IV LLC has six members: (1) WestRock Timber Note Holding Company III; (2) WestRock Victory Holding, LLC ("WestRock Victory"); (3) WestRock Evadale Holding, LLC; (4) WestRock Packaging Systems Netherlands B.V.; (5) WestRock Company of Texas; and (6) WestRock Singapore Pte Ltd.  (Yost Decl. ¶ 8.)

WestRock Timber Note Holding Company III is a Delaware corporation with its principal place of business in Georgia.  (Id. ¶ 9.)  WestRock Victory is wholly owned by WestRock Kraft Paper, LLC, which is wholly owned by WestRock Paper and Packaging, LLC, wholly owned by WestRock Company, a Delaware corporation with a principal place of business in Georgia.  (Id. ¶ 10.)  WestRock Evadale Holding, LLC is wholly owned by WestRock MWV, LLC, which is wholly owned by WRKCo Inc., a Delaware corporation with a Georgia principal place of business.  (Id. ¶ 11.)

WestRock Packaging Systems Netherlands B.V. is a Netherlands entity.  (Yost Decl. ¶ 12.)  It is wholly owned by WestRock Holdings B.V., which is also a Netherlands entity.  (Id. ¶

---

[1] Despite possible assumptions which may flow from its name, WestRock California, LLC is foreign defendant, thus it could not have been fraudulently joined to destroy diversity in the first place.

13.) WestRock Company of Texas is a Georgia corporation with its principal place of business in the same state. (Id. ¶ 14.) WestRock Singapore Pte Ltd. is a public limited company based in Singapore. (Id. ¶ 15.)  It is wholly owned by WestRock Holdings B.V. (Id. ¶ 16.)  Thus, Victory Packaging, L.P.'s citizenship for the purposes of diversity jurisdiction is Delaware and Georgia.

WestRock California, LLC is a limited liability company. (Yost Decl. ¶ 17.) It is wholly owned by WestRock Converting, LLC, which is wholly owned by WestRock RKT, LLC, which is wholly owned by WRKCO, Inc., which is wholly owned by WestRock Company, a Delaware corporation with its principal place of business in Georgia. (Yost Decl. ¶ 18.) Thus, WestRock California, LLC's citizenship for the purposes of diversity jurisdiction is Delaware and Georgia.

Ms. Zarate's argument is that WestRock California, LLC is a non-diverse defendant because it employs people in California, a deduction made based off an OSHA report (which Defendant disputes).  This argument indicates that Ms. Zarate misconstrues the diversity jurisdiction analysis with that of personal jurisdiction.  The Court need not evaluate the dispute on the merits because it is irrelevant.  Even if Plaintiff were correct—that WestRock California, LLC employed people in California—that fact would not transform WestRock California, LLC's citizenship from Delaware and Georgia to that of California.  Ms. Zarate fails to cite authority that suggests otherwise.

In a last-ditch effort to challenge diversity, Ms. Zarate argues in the Reply that Defendants have failed to meet their evidentiary burden to establish jurisdiction.  (See Reply.) The Court disagrees.  Jeff Yost is a corporate officer for Defendants. (Yost ¶ 2.) Mr. Yost has personal knowledge as to Defendants' unincorporated and corporate structure. (Id.) Ms. Zarate does not challenge Mr. Yost's personal knowledge in his Declaration.  She merely argues that Defendants have not met their burden because they did not file Georgia Secretary of State documents that corroborate Mr. Yost's Declaration.  This is unnecessary when Ms. Zarate has not submitted any evidence to challenge Mr. Yost's personal knowledge.  See Baghdasarian v. Macy's, Inc., 2021 WL 4026760, *7 (C.D. Cal. Sept. 2, 2021) (holding that defendants satisfied burden to establish diversity where plaintiff failed to contradict defendant's declaration).

### IV.    CONCLUSION

For the reasons above, the Court DENIES the Motion and VACATES the July 18, 2022 hearing.

**IT IS SO ORDERED.**